THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* ANTHONY SANCHEZ, Defendant-Appellant.

Third District   No. 77-351

Opinion filed September 29, 1978.

Robert Agostinelli and Gary R. Garretson, both of State Appellate Defender's Office, of Ottawa, for appellant.

Edward Keefe, State's Attorney, of Rock Island (James E. Hinterlong and Joseph A. Mueller, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE ALLOY delivered the opinion of the court:

Defendant Anthony Sanchez appeals from a conviction for murder following a jury trial in the Circuit Court of Rock Island County. He was sentenced to a term of from 50 to 75 years in the penitentiary.

Defendant Anthony Sanchez and his mother, Bernice Schomer, were tried jointly in the Circuit Court of Rock Island County. Defendants Schomer and Sanchez, however, pursued separate appeals in this court. Consequently, the statement of facts and the recital as to the evidence in the cause, together with the analysis of certain of the issues raised by defendant Sanchez, which were also raised by defendant Schomer, is discussed in detail in the opinion with respect to defendant Schomer (See *People v. Schomer* (3d Dist. 1978), 64 Ill. App. 3d 440, 381 N.E.2d 62). The observations and conclusions of this court with respect to the issue raised as to the cross-examination of defense witness Martin, revealing the prior request for immunity was discussed at length in the Schomer opinion and we adopt such conclusions and analysis as the basis for finding there was no reversible error in such action as to defendant Sanchez.

An issue was raised by defendant Sanchez, however, that the cause should be remanded in order that the mittimus be amended to show the actual sentencing intention of the trial court. The State, in its brief, and in oral argument, has conceded that the cause should be remanded for such purpose only, as requested by defendant Sanchez. From the docket entry, the sentencing order and the statement of the trial judge at sentencing, it is clear that the judgment was entered only on the murder charge and that defendant Sanchez was sentenced to a term of 50 to 75 years in the penitentiary. The mittimus, however, shows that judgments of conviction were entered on, and that defendant was sentenced for, both conspiracy and murder. This is contrary to section 8—5 of the Criminal Code of 1961 (Ill. Rev. Stat. 1975, ch. 38, par. 8—5), which specifies that no person shall be convicted of both the inchoate and the principal offense. The conviction and sentence for the crime of conspiracy, if any such has been entered, are vacated and the conviction and sentence for murder imposed in this cause are affirmed.

As we have indicated, the second issue raised by defendant Sanchez is identical to that raised by way of motion in *People v. Schomer* to which we have referred. The reasoning applied in the *Schomer* case is equally applicable here and the conviction for murder will be affirmed on the basis of the record. We particularly note, as regards Sanchez, that any error which might have occurred with respect to the impeachment of Martin, should be found to be harmless, in view of the evidence from the witness Cunningham, and the corroboration by witnesses Carroll and Shelton concerning the gun, and the testimony of Gortva that Sanchez had admitted to Gortva that he had killed Cotton.

The judgment of conviction for murder is, therefore, affirmed, but this cause is remanded to the Circuit Court of Rock Island County for the sole purpose of specifying that the conviction and the sentence were on the charge of murder and for correction of the mittimus in this cause as noted.

Judgment and sentence for murder affirmed; remandment for purpose of correcting mittimus in this cause.

BARRY, P. J., and SCOTT, J., concur.